# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| Jamal Norris, | ) | |
| Movant, | ) Civil No. | |
| vs. | ) 09-0428-CV-W-FJG | |
| United States of America, | ) Criminal No. | |
| Respondent. | ) 02-00116-01-CR-W-FJG | |

## ORDER

Pending before the Court is petitioner's second 28 U.S.C. § 2255 Motion to vacate, set aside, or correct sentence (Doc. No. 24, filed on June 9, 2011). Movant suggests his counsel, Bruce Houdek, was ineffective for his mistaken belief that petitioner's plea agreement waived collateral attack or appeal from his sentence. See Doc. No. 5, Ex. 1 (Statement of Bruce C. Houdek, dated July 27, 2009).

Movant filed a previous motion pursuant to 28 U.S.C. § 2255 on June 8, 2009 (Doc. No. 1). In that previous motion, movant suggested his counsel was ineffective for failing to timely appeal his criminal conviction and sentence. In the government's opposition to that motion, the government attached as an exhibit a statement from Mr. Houdek indicating, among other things, that he mistakenly believed that movant's plea agreement waived his right to appeal. Doc. No. 5, Ex. 1. That affidavit also indicated that the Court imposed the sentence agreed upon in the plea agreement, and that there were no appealable issues. Id. In movant's reply to the government's response (Doc. No. 9), he specifically referenced Mr. Houdek's mistaken beliefs regarding the waiver of appellate rights. Id., p. 1.

On December 29, 2009, this Court held a hearing on the issue of whether counsel was ineffective for failing to file a Notice of Appeal, and testimony was taken from both movant and his attorney. See Doc. No. 14. On January 15, 2010, this Court issued its Order finding defense counsel was not ineffective for failing to appeal. Doc. No. 15. This Court denied movant a certificate of appealability, as did the Eighth Circuit. See Doc. No.

22. The Supreme Court denied movant a writ of certiorari on October 4, 2010. United States v. Norris, 131 S.Ct. 351 (2010). Movant, thereafter, filed the pending Motion Pursuant to 28 U.S.C. § 2255 (Doc. No. 24).

In response, the government argues that (1) to the extent that movant seeks reconsideration of this Court's ruling from January 15, 2010, that request is untimely under Fed. R. Civ. P. 59(e); (2) to the extent that movant seeks relief under § 2255, movant has not sought permission from the Eighth Circuit to file a second or subsequent motion, as required by 28 U.S.C. § 2255(h); (3) even if movant had sought permission from the Eighth Circuit to file a second § 2255 motion, that request would have been denied as movant has not offered any "newly discovered" evidence under § 2255(h)(1)[1]; and (4) to the extent that movant is attempting to relitigate this Court's determinations regarding his failure to appeal, such an attempt is barred by the doctrines of collateral estoppel and res judicata.

**JUDGMENT**

The Court has reviewed movant's motion (Doc. No. 24), respondent's opposition (Doc. No. 25), movant's reply (Doc. No. 26), and the record in the prior proceedings, and finds that movant's allegations are without merit for the reasons stated in respondent's opposition. Therefore, movant's second motion pursuant to 28 U.S.C. § 2255 (Doc. No. 24), filed June 9, 2011, is denied.

No evidentiary hearing will be held in this matter because the issues raised are resolvable by the record. Furthermore, movant will be denied a motion for certificate of

---

[1]Instead, the evidence presented by movant in this subsequent § 2255 motion was in the record before the Court in the original § 2255 motion. Additionally, to be considered "newly discovered" evidence, under Eighth Circuit precedent that evidence would have to be of such a nature that it would probably produce an acquittal at trial. See Lindhorst v. United States, 585 F.2d 361, 365 n.8 (8th Cir. 1978); Sanders v. Norris, 529 F.3d 787, 789 (8th Cir. 2008). In the present matter, the evidence presented by movant has absolutely no chance of producing an acquittal.

2

appealability, in that the issues raised are not debatable among reasonable jurists, nor could a court resolve the issues differently.

**IT IS SO ORDERED.**

          /s/Fernando J. Gaitan, Jr.
          Fernando J. Gaitan, Jr.
          Chief United States District Judge

Dated: 07/13/11
Kansas City, Missouri